## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| LUCAS NICOLSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Docket No. 09-cv-541-P-S |
| | ) | |
| ERICA PAPPALARDO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### ORDER DENYING MOTION TO STAY

Before the Court is Respondent Erica Pappalardo's Motion to Stay (Docket # 45). The Court previously granted the Petition to Return Child (Docket # 1) and ordered Respondent to return the child to Australia not later than February 25, 2010.  (Docket # 33.)  Respondent has filed a Notice of Appeal (Docket # 42) and now asks the Court to stay its order requiring her to return the child until after the appeal is resolved.  For the reasons stated below, Respondent's Motion to Stay is DENIED.

## I.      LEGAL STANDARD

In order to prevail on a motion to stay the execution of judgment, the movant must show (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. F.T.C. v. Mainstream Marketing Services, Inc., 345 F.3d 850, 852 (10th Cir. 2003).  In a widely-quoted case, the Sixth Circuit held:  "Staying the return of a child in an action under the Convention should hardly be a matter of course. The aim of the Convention is to secure prompt return of the

child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court."  Friedrich v. Friedrich, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996).   Ultimately, whether to grant a stay and delay the return of the child in this case is within the Court's discretion.  Walsh v. Walsh, 221 F.3d 204 (1st Cir. 2000).

## II.   ANALYSIS

As discussed below, the Court finds that none of the factors weigh in favor of granting a stay in this case.  Each factor will be addressed in turn.

### A.   Likelihood of Success on Appeal

Respondent contends that she will put forth the following three arguments on appeal and that she is likely to prevail on at least one:  (1) Australia never became S.G.N.'s habitual residence because Respondent had formed the intent to return to the United States prior to S.G.N.'s birth; (2) Petitioner consented to S.G.N.'s removal from Australia and retention in the United States; and (3) Petitioner acquiesced to S.G.N.'s retention in the United States by consenting to the custody order entered in Maine state court.

With respect to Respondent's first two arguments, which challenge the Court's factual findings with respect to the parties' intent, these factual determinations will be reviewed for clear error.  See Walsh, 221 F.3d at 214.  The Court held a full-day hearing on the Petition, at which both parties testified extensively and offered what was often contradictory evidence.   Based on its observations of the testimony, and having considered the exhibits submitted by the parties and the arguments of counsel, the Court made a series of factual findings.  A number of these factual findings related to the

parties' intent and formed the basis for the Court's determination that Australia was S.G.N.'s habitual residence and that Petitioner did not consent to S.G.N.'s removal and retention.  While the First Circuit will ultimately review the record and this Court's factual conclusions, in the Court's own assessment, it is unlikely that these factual finding were clearly erroneous.

As to Respondent's argument that Petitioner's participation in the Maine state court proceedings constituted acquiescence, the Court has already addressed this issue in two separate orders.  (See Docket #s 23 & 45.)  The purpose of the Hague Convention is to prevent the abducting parent from gaining a tactical advantage by filing for custody in the country to which the child was abducted.  See  Holder v. Holder, 305 F.3d 854, 865 (9th Cir. 2002); Silverman v. Silverman, 338 F.3d 886, 895 (8th Cir. 2003).  As the Ninth Circuit has held:  "It would undermine the very scheme created by the Hague Convention and ICARA to hold that a Hague Convention claim is barred by a state court *custody* determination."  Holder, 305 F.3d at 865 (emphasis in original).

The fact that Petitioner consented to the entry of the Order of Protection which granted him only limited custody rights does not distinguish the instant action from the above-cited precedent.  Where the left-behind parent diligently pursues the Hague Petition, courts have routinely found that there was no acquiescence.  See, e.g., In re Leslie, 377 F. Supp. 2d 1232, 1247 (S.D. Fla. 2005).  Based on the deferential review afforded to the Court's factual findings, as well as the precedent supporting the Court's legal conclusions, it is unlikely that Respondent's argument that Petitioner's consent to the entry of the Maine state court's custody order shows that he acquiesced to S.G.N.'s retention in the United States will prevail on appeal

Having reviewed all of the arguments put forth by Plaintiff, the Court finds that it is unlikely that she will prevail on appeal. Accordingly, the Court finds that the first criteria weighs against granting a stay in this case.

**B.      Harm to the Parties**

Respondent contends that she will be irreparably harmed if a stay is not granted because S.G.N. will be forced to leave the place that has been her home for most of her life. Respondent argues that she has no place to live and no means of supporting herself if she is required to return to Australia with S.G.N. Additionally, Respondent contends that Petitioner will not be harmed if a stay is granted because he has only had contact with S.G.N. via the internet since April 2009, and a stay would merely preserve the status quo.

The Hague Convention makes it clear that "[a] removing parent must not be allowed to abduct a child and then—when brought to court—complain that the child has grown used to the surroundings to which they were abducted. Under the logic of the Convention, it is the *abduction* that causes the pangs of subsequent return." Friedrich v. Friedrich, 78 F.3d 1060, 1068 (6th Cir. 1996). Thus, Respondent caused any upset to S.G.N.'s life when she wrongfully removed S.G.N. from Australia and retained her in the United States. Respondent cannot now complaint that requiring her to return S.G.N. to Australia would be irreparable harm based on S.G.N.'s acclimatization to the United States. Moreover, the longer S.G.N. resides in the United States, the more traumatic it will be for her to have to return to Australia should Respondent not prevail on appeal. See Koch v. Koch, No. 05C1158, 2006 WL 503231, *1 (E.D. Wis. Feb. 27, 2006).

Additionally, the Court finds Respondent's contention that Petitioner will not be harmed if a stay is granted to be meritless.  Respondent fails to recognize that if the Court grants a stay, Petitioner will continue to suffer from the very harm that led to this lawsuit—the absence of S.G.N. from Petitioner's life.  Due to Petitioner's military commitments in Australia, he is unable to frequently travel to the United States to visit S.G.N.  Respondent's actions have already deprived Petitioner of nearly a year with his daughter.  Every additional day that S.G.N. is wrongfully retained in the United States causes harm to the Petitioner.  See Lieberman v. Tabachnik, No. 07-cv-02415-WYD-BNB, 2008 WL 2357692, *4 (D. Colo. June 5, 2008); Wasniewski v. Grzelak-Johannsen, No. 5:06-cv-2548, 2007 WL 2462643, *7 (N.D. Ohio Aug. 27, 2007).

### C.      Public Interest

Finally, the public interest supports denial of the stay.  The very purpose of the Hague Convention is "to secure the prompt return of children wrongfully removed to or retained in" a foreign jurisdiction.  See Hague Convention, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (1980).  Entering a stay in this case would work against the purpose of the Convention and, therefore, against the public interest.

### III.    CONCLUSION

For the reasons set forth above, Respondent's Motion to Stay (Docket # 45) is DENIED.

SO ORDERED.

                                                     /s/ George Z. Singal
                                                    United States District Judge

Dated at Portland, Maine, this 8th day of February 2010.